[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the Somers Ethics Commission, appealing from a decision of the Freedom of Information Commission of the State of Connecticut. The Freedom of Information Commission, by notice of June 6, 1997 adopted the final decision of its Commissioner Berman by vote of the Commission on May 28, 1997.
The complaint made to the Freedom of Information Commission, hereafter referred to as FIC pertains to a proceeding conducted by the Somers Ethics Commission, hereafter SEC on August 22, 1996. The complainant before the FIC is one Mark V. Jones, complaining individually as a member of the public. Mark Jones represented an individual, one George Boisvert, at the SEC proceedings, a complaint having been lodged against Mr. Boisvert. Counsel have specified at oral argument, that a layman, the complainant Jones may represent another person at such a proceeding. In any event Mr. Jones is not representing Mr. Boisvert at the FIC proceedings, Mr. Boisvert not having appealed to the FIC. Hence Mr. Jones appeal is in his individual capacity as a member of the public.
The FIC, adopting the findings of its Hearing Officer Rosalind Berman, found as follows:
 (1) It is concluded that the respondents violated the provisions of §§ 1-18a(e)(1) and 1-21 (a) GS by convening CT Page 8010 in executive session at the August 22, 1996 meeting of the Somers Ethics Commission, notwithstanding the subject's request that the proceedings be held in public, and thereby denying the complainant and the public from observing the deliberations of the respondents in public session.
 (2) Section 1-18a(e)(1) GS merely permits "discussion in executive session"; and it is therefore concluded that the respondents violated § 1-18a(e)(1) GS by voting in the August 22, 1996 executive session.
 (3) It is found that the respondents failed to record their votes in the minutes of the August 22, 1996 meeting; and it is concluded that such failure violated the provisions of § 1-21 (a) GS.
 A
The record before the FIC reveals that when the SEC served upon Mr. Boisvert its letter setting forth the complaint and the probable cause notification, which is the notice of the probable cause proceedings to be held on August 22, 1996 the following notification appears in handwriting.
 "Respondent accepted the envelope and then stated: `Just so you understand, I want ever, everything in public"'
This court notes that the said appellant does not contest that, it the SEC, did not have this notification before it when it conducted the proceedings on August 22, 1996. The letter to Mr. Boisvert had stated "In the event the Respondent does not waive his right to confidentiality, the proceeding will be held in executive session." The handwritten note is in obvious response to the delivery by John Nejfelt, Commission Chairman, of the letter of August 7, 1996 and states Mr. Boisvert's oral response to the letter.
The probable cause proceedings were held on August 22, 1996. The minutes of the meeting consist of a single page. No transcript of the meeting is furnished. The minutes reveal that Mr. Jones represented the respondent, the meeting was called to order at 7:02 PM; Mr. Boisvert arrived at 7:07 PM; Commissioner Rainey moved to enter executive session, unanimously approved; Executive session commenced at 7:46 PM; Executive session CT Page 8011 concluded at 8:35 PM and hearing adjourned at 8:37 PM.
There is no indication in the minutes that the SEC inquired of Mr. Jones or Mr. Boisvert as to whether they had any objection to the commission going into executive session. There is no testimony or evidence before the FIC to the effect that this subject was inquired into or alluded to at the SEC meeting.
 B
There is evidence before the FIC to indicate that a vote was taken by the Commission members as to a finding of probable cause. There is no record by the SEC of any vote having been taken. There was evidence before the FIC, from the testimony of John Nejfelt, the chairman of SEC, testifying at the FIC hearing that he was unaware of the necessity for a formal vote, and that the decision "was based on discussions and a consensus of the commission during that closed session." However the testimony of Gordon Mello, an alternate member of SEC who was in attendance at the executive session revealed each voting member did say yea or nay for finding a probable cause. This individual voting was not reduced to writing.
 I The entering into and conducting of Executive Session.
The appellant SEC takes the position, in this appeal, that confidentiality throughout these proceedings are required under General Statutes § 1 -82a. Further, however, it contends that although confidentiality can be waived by the person who is subject to the proceedings, waiver is only allowed as concerns the investigation part of the proceedings. This, it claims, is confined to the gathering of evidence, including the evidentiary hearing conducted by the SEC. This position is not, however, supported by the Statute. CGS § 1-82a provides:
 "A commission evaluation of a possible violation of this part prior to the filing of a complaint by the Commission shall be confidential, except upon the request of the subject of the evaluation."
It should be obvious that term evaluation means something different then the gathering of information. Evaluation is an analysis of evidence which was gathered through the process of CT Page 8012 investigation.
Second, General Statutes § 1-21 provides: "(a) the meetings of all public agencies, except executive sessions as defined in subsection (e) of section 1-18a shall be open to the public."
General Statutes § 1-18(e) allows executive sessions for the following purposes: "(1) Discussions concerning the appointment, employment, performance, evaluation, health or dismissal of a public official, provided that such official may require that discussion be held at an open meeting."
In essence the FIC determined that when the of official Mr. Boisvert said "everything" he meant "everything". This conclusion by the FIC is neither unreasonable or irrational or in abuse of discretion. Bearing in mind the all encompassing use of that word "everything" the court can discern no necessity for the use of further terminology so as to include any of the parts which are parts of "everything".
The appellant SEC also contends that Mr. Boisvert waived the right to have the deliberations conducted in public. This matter is dealt with by the Supreme Court in Board of PoliceCommissioners v. Freedom of Information Commission, 192 Conn. 183
(1984). There the court determined that because the appellant used the limited word "hearing", in his request that "the hearing be open to the public, " he was referring to that portion of the proceedings at which proofs and arguments are presented prior to a determination of the issues (supra P. 189). Further, in that proceeding the requestor was represented by an attorney, who is presumed to be familiar with the procedural ingredients of legal proceedings, and their terminology, and whose inaction was interpreted as a voluntary and knowledgeable interpretation and affirmance that the client's request concerning the ambiguous term "hearing" was so limited. That is not the case in the present circumstances. There is no ambiguity in the word "everything."
The court determines that the decision of FIC in the instant case as to the request that everything be public is supported by the record, and is not illegal. arbitrary or in abuse of discretion.
 II
CT Page 8013 The Vote
The second and third finding of the FIC pertains to the failure of the SEC to record their vote in the minutes of the August 1996 meeting.
General Statutes § 1-21 (a) provides that: "The votes of each member of any such public agency upon any issue before such public agency shall be reduced to writing and made available for public inspection . . . " The finding that a vote was taken is supported by the record, reflecting that each member expressed themselves by yea or nay, supports the conclusion that a vote was taken.
The votes were not recorded by the SEC. The term consensus as used by Mr. Nejfelt may properly describe the conclusion of, the result of the vote, but the terminology of "consensus" does not relieve the SEC of its statutory duty to record each individual's vote. The statute itself, CGS § 1-21 (a) specifically requires that where the members determine an issue the vote of each member shall be reduced to writing.
This was not accomplished in the instant case. The FIC specifically found that this was a violation of General Statutes § 1-21(a). That finding was fully supported by the record, and was neither arbitrary, illegal or in abuse of discretion.
For the reasons set forth herein the decision of the Freedom of Information Commission in this appeal is affirmed.
Accordingly, the appeal is dismissed.
L. Paul Sullivan, J.